# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

CHERI CAMERON
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 11-30314

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____*
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
    - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is 40 years old, widowed, and her parental rights have been terminated as to her three children. She has no stable residence, and has been transient for the past two years. She has resided at her current address in Harrison Township for two days. She has been employed part time for two days by a landscaping company earning $10 per hour and she has no other employment history. She has no assets or liabilities. She has a serious drinking problem and possibly suffers from depression.

(CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| July 19, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

USA V CHERI CAMERON; 11-30314                                    PAGE 2

Defendant has been in state custody for the past 36 days. The underlying facts are that she plead guilty to Operating While Impaired on May 5, 2010 and was sentenced to a fine and 24 months probation. She was placed on a tether. On May 17, 2010 she failed to appear at her court hearing and **then she removed her tether**. A warrant issued for her arrest.

Defendant remained in absconder status from May 17, 2010 until June 9, 2011, when she was arrested. Upon appearing in 41B District Court in June 2011, she was ordered to serve 36 days in the Macomb County Jail with credit for 17 days and was placed on probation until July 13, 2013, and was ordered to pay probation fees and attorney fees in the amount of $900.

Prior to absconding Defendant was living with her father and brother at 280 S. Gratiot, Mt. Clemens, MI.. Defendant asks that she be given a bond and a tether and that her brother be appointed as 3rd party custodian. Defendant argues that she has seen the light after being incarcerated for 36 days in Macomb County and should be given bond.

Although Defendant's brother, William Bruner, may be an appropriate 3rd party custodian, defendant is not an appropriate candidate for bond. Defendant's brother lived with her when she was arrested and convicted twice in state court for driving under the influence, and at that time clearly was not able to control her behaviors during her brief period on bond.

Defendant poses a risk of non-appearance. She has a history of alcohol abuse, she has two failures to appear in court, she has absconded from supervision, she is currently in fugitive status, she has used aliases in the past, and she has failed to adhere to court orders. She poses a risk of flight by a preponderance of the evidence. Detention is therefore ordered.